### STROUT v. KENNY.

(Supreme Court, Appellate Term.  November 29, 1907.)

BROKERS—REAL ESTATE—RIGHT TO COMMISSION.

Where land was listed with a real estate broker under an agreement
that his commission should be any sum in excess of $1,500 that he could
obtain for the land, and he produced one who was ready, willing, and
able to pay $1,800, but who, after raising a cash deposit, canceled his
oral agreement to purchase, because the vendor could not give good title,.
the broker was entitled to a commission; he having no reason to suspect
that the title was defective, though he did not remember whether he told
the vendor the name of the proposed purchaser or the price agreed upon,.
and the vendor having received part of the deposit and expressed her
gratification as to the proposed sale.

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action for real estate broker's commission by E. A. Strout, doing
business as E. A. Strout Company, against Mary Kenny.  From a
judgment for defendant, plaintiff appeals.  Reversed, and new trial or-
dered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Ring, Russell & Watterson (Harvey Watterson, of counsel), for appellant.

William G. Mulligan, for respondent.

GILDERSLEEVE, P. J. There is no dispute as to the facts in this case. The plaintiff sues for commissions upon a sale of real estate. Judgment was given for defendant. Plaintiff appeals.

The evidence clearly shows the employment by defendant of plaintiff to sell the property for $1,500, and the stipulation that plaintiff's commission was to be any sum in excess of $1,500 that plaintiff could obtain for the property. Plaintiff found one Rydell, who was ready, willing, and able to pay $1,800 for the property. It was then discovered, upon the search of the title by said Rydell, that defendant could not give good title, and Rydell canceled his agreement. There is nothing in the evidence to establish a claim that plaintiff had any reason to suspect that defendant was without title to sell when he entered upon his employment and procured a purchaser. It appears that plaintiff told defendant that he had sold the property, and she took part of the deposit paid by Rydell, and expressed her gratification at having sold the property. It is true that plaintiff cannot remember if he mentioned the name of the proposed purchaser or not, or the price agreed upon; but, as she had put her price at $1,500, and agreed to pay the balance over that sum to plaintiff as his commission, she must have understood that not less nor more than $1,500 was coming to her, and she had no particular interest in knowing the exact sum for which the property was sold or the name of the purchaser.

The defendant put the property in plaintiff's hands for sale, and by written authority constituted him the agent in bringing about such sale, and ratified his acts in procuring such sale. The property was in Bethel, Conn., where all the transactions with Rydell took place, while defendant lived in New York City, and the whole matter of the sale seems to have been left to plaintiff, with the price fixed at $1,500. No formal contract was made with Rydell in writing. He had orally agreed to pay $1,800, and did pay 10 per cent. thereof to bind the agreement. Subsequently he tendered the remainder; but the defendant refused to give a deed, as she had no title to the property. Plaintiff brought a purchaser able and willing to enter into a contract on the defendant's terms, and the fact that the sale was not completed by reason of the defendant's inability to carry out the contract does not deprive the broker of his right to a commission. We think the judgment is against the evidence, and should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.